Abubaker Hussein Ahmed
8050 N. 19th Avenue #182
Phoenix, Arizona 85201
480.382.8868

```
┌─────────────────────────────────────┐
│ ✓ FILED        ___ LODGED            │
│ ___ RECEIVED   ___ COPY              │
│                                      │
│        JUL 1 8 2014  ✓               │
│                                      │
│   CLERK U S DISTRICT COURT           │
│     DISTRICT OF ARIZONA              │
│ BY                    DEPUTY         │
└─────────────────────────────────────┘
```

## UNITED STATES DISTRICT COURT FOR THE DISTRICT OF ARIZONA
## PHOENIX DIVISION

---

| | |
|---|---|
| **ABUBAKAR HUSSEIN AHMED,**<br><br>                    **PLAINTIFF**<br><br>**vs.**<br><br>**ARIZONA STATE UNIVERSITY, THROUGH ITS CAMPUS POLICE DE-PARTMENT, THE CITY OF PHOENIX, ARIZONA THROUGH ITS POLICE DEPARTMENT, THE FEDERAL BUREAU OF INVESTIGATION, AGENT OF THE FEDERAL BUREAU OF INVESTIGATION JOHN CHIPOLSKY, DOES 15-25, PHOENIX POLICE OFFICERS SERGEANT J. JOHNSON, OFFICER J. GARZA, OFFICER P. KNUDSON, OFFICER C. PALMER, OFFICER J. RICHARDS, OFFICER E. MINER, OFFICER J. KNAUP, OFFICER N. WOLFENDEN, OFFI-CER J. HALONEN, SERGEANT J. ABERNATHY, OFFICER A. AUSTIN, OFFICER H. GONZALE, OFFICER E. COCHRAN, OFFICER M. EYRICH, OFFICER S. JOHNSON, OFFICER B. WETZEL, OFFICER W. UNDERWOOD, OFFICER P. THOMPSON, SUZANNE SOLOMON, ROBB DOUGLAS, ARIZONA STATE UNIVERSITY POLICE OFFICERS BRYON BURATTI, MICHAEL ROPER, CORPORAL DANIEL FREDERICK HARTTMANN, AND DOES 15-20,**<br><br>                    **DEFENDANTS** | **CIVIL RIGHTS COMPLAINT**<br>**(42 U.S.C. § 1983, § 1985,**<br>**§ 1982 and § 1986)**<br><br><br>**CIVIL NO. _____**<br><br>CV-14-01626-PHX-MHB |

---

**NOW INTO COURT,** comes Plaintiff herein, Abubakar Hussein Ahmed, and brings this action based upon the violation of his civil rights under 42 U.S.C. **§§** 1983, 1985, 1982 and 1986.

## A.  Jurisdiction

### 1.

Jurisdiction is proper in this Court pursuant to 42 U.S.C. § 1983, 42 U.S.C. §1985, U.S.C §1982 and § 1986 and 28 U.S.C. § 1331.

### 2.

This action is timely filed as the applicable statute of limitations for this action is declared in A.R.S. § 12-542 to be two (2) years.

### 3.

Abubakar Hussein Ahmed, plaintiff  herein, is a citizen of the United States and of the State of Arizona, whose present mailing address is 8050 N. 19th Avenue #182 Phoenix, Arizona 85021.

### 4.

Made a defendant herein is the Arizona State University (ASU), a 4 year public educational institution organized under the laws of the State of Arizona and located in Maricopa County, State of Arizona.   ASU Police Department employees Corporal Daniel Frederick Herrmann and Jason Latella, who in their official capacities, acted under color of state law and authority at the times these claims occurred.  These two officers caused an investigation on a

false charge of attempted forgery and involved the Phoenix Police Department, the law enforcement agency responsible for law enforcement in the City of Phoenix, Arizona.

**5.**

Made defendants are members of the Phoenix Police Department's Special Assignments Unit who were involved in the execution of a search warrant at plaintiff's then residence.  The Phoenix Police officers, in their official capacities, are made defendants herein:

a.  Sergeant J Johnson,  Badge #6069, who, on information and belief, was a member of the Phoenix Police Department's Special Assignments Unit;

b.  Officer J. Garza, Badge #4124, who, on information and belief, was a member of the Phoenix Police Department's Special Assignments Unit;

c.  Officer P. Knudson, Badge #6639, who on information and belief was a member of the Phoenix Police Department's Special Assignments Unit;

d.  Officer C. Palmer, Badge #7013 who, on information and belief, was a member of the Phoenix Police Department's Special Assignments Unit;

e.  Officer J. Richards, Badge #6939 who, on information and belief, was a member of the Phoenix Police Department's Special Assignments Unit;

f.  Officer E. Miner,  Badge #7273 who, on information and belief, was a member of the Phoenix Police Department's Special Assignments Unit;

g.  Officer J. Knaup,  Badge #5572  who, on information and belief, was a member of the Phoenix Police Department's Special Assignments Unit;

h.  Officer N. Wolfenden, Badge #7931who, on information and belief, was a member of the Phoenix Police Department's Special Assignments Unit;

i.  Officer J. Halonen, Badge #7517 who, on information and belief, was a member of the Phoenix Police Department's Special Assignments Unit;

j.  Sergeant J. Abernathy, Badge # 6439 who, on information and belief, was a member of the Phoenix Police Department's Special Assignments Unit; and served as a secondary supervisor;

k.   Officer A. Austin, Badge #8266 who, on information and belief, was a member of the Phoenix Police Department's Special Assignments Unit;

l.   Officer H. Gonzale, Badge #8266 who, on information and belief, was a member of the Phoenix Police Department's Special Assignments Unit;

m.   Officer E. Cochran, Badge #7019 who, on information and belief, was a member of the Phoenix Police Department's Special Assignments Unit;

n.   Officer M. Eyrich, Badge #6082, who, on information and belief, was a member of the Phoenix Police Department's Special Assignments Unit;

o.   Officer S. Johnson, Badge #5059, who, on information and belief, was a member of the Phoenix Police Department's Special Assignments Unit;

p.   Officer B Wetzel, Badge #5508, who on information and belief, was a member of the Phoenix Police Department's Special Assignments Unit;

q.   Officer W. Underwood, Badge #5062, who on information and belief, was a member of the Phoenix Police Department's Special Assignments Unit;

r.   Officer N. Thompson, Badge #7631, who on information and belief, was a member of the Phoenix Police Department's Special Assignments Unit;

s.   Does 15-25 whose identities are unknown but who, on information and belief, acted under color of state law and in their official capacities to violate plaintiff's civil rights.

t.   Does 16-20, whose identities are unknown but who, on information and belief, acted under color of law and in their official capacities to violate plaintiff's civil rights.

**6.**

Also made a defendant herein is the Federal Bureau of Investigation, a department within the United States Department of Justice, based on the involvement of its employee, Daniel Frederick Herrmann, who on information and belief was assigned to a multiagency task force at the FBI and John Chipolsky at all times relevant to this lawsuit.

**7.**

Also made a defendant herein is the United States Marshal Service a department of the United States Justice Department by virtue of the conduct of Daniel Frederick Herrmann, who upon information and belief was at all times relevant to this complaint deputized as a Special Deputy United States Marshal who acted under color of law.   Herrmann, upon information and belief, led the investigation, including a Special Weapons and Tactics Team (SWAT) team raid on plaintiff's home and participated in subsequent activities in violation of plaintiff's Constitutional Rights.   Herrmann solicited the aid of the Phoenix Police Department's Special Assignments Unit and the Sam-52 Team and the Federal Bureau of Investigation (FBI).

**8.**

Also made a defendant herein in his official capacity is Bryon Brunatti, an employee of the ASU Police Department, who approved a supplement to Herrmann's incident report, dated October 12, 2012 which indicated the items seized a plaintiff's home were impounded into locker #5. The items were seized from plaintiff's residence pursuant to an illegal search warrant.

**9.**

Made a defendant herein is Michelle Roper, an employee of the ASU Police Department, who, acting in her official capacity, approved a supplement to Herrmann's incident report dated August 24, 2013, and who, on information and belief was a commander in the ASU Police Department at all times relevant to this action.  The supplement approved by Roper indicated that the Maricopa County Attorney's Office decided not to pursue prosecution against plaintiff for forgery.  Oddly enough, the charge stated in the Affidavit for Search Warrant was attempted forgery, not forgery.

**10.**

Made defendant herein in her official capacity is Suzanne Solomon, who, on information and belief is an employee of the ASU Police Department.  Suzanne Solomon is the person who located plaintiff's vehicle title at plaintiff's residence on July 20, 2012.

**11.**

Also made defendant in his official capacity is Robb Douglas, who on information and belief, was an employee of the ASU Police Department who seized documents that pertained to plaintiff's businesses from plaintiff's residence on July 20, 2012.

**12.**

Made defendants herein are Does 15-25, who on information and belief, were agents and/or other employees of the Federal Bureau of Investigation and/or the United States Marshal Service acting in their official capacities, but whose identities are presently unknown.

**13.**

Made defendants herein are Does 16-25, who on information and belief, were employees of the ASU Police Department, acting in their official capacities and acting under color of state law, but whose identity is presently unknown.

**14.**

The purported charge against plaintiff was attempted forgery, a class 5 felony under Arizona law and is considered a white collar crime.

**B.  Nature of the Case**

**15.**

On June 26, 2012, at approximately 2232 hours (10:30 p.m.), it was allegedly reported that

plaintiff had committed an incident of Forgery Fraud under A.R.S. Section 13-2002A1; later the offense was changed to one of an attempt to commit forgery.  In Arizona, an attempt to commit forgery is a Class 5 felony.

### 16.

Oddly enough, the incident was reported at the same time it occurred.  According to the incident summary, plaintiff attempted to forge an ASU diploma by requesting by e-mail that JFB Desktop Publishing, a California business entity not registered with the Secretary of State of California and not registered with the Arizona Secretary of State, remove the name from a copy of a diploma plaintiff attached to the email, and put plaintiff's name there instead.  A charge of Attempted Forgery was pending the result of a search warrant.

### 17.

It was alleged that plaintiff, at 2327 hours (11:27 p.m.), on June 26, 2012, received an email from JFB Desktop Publishing stating that JFB would need to obtain written authorization from ASU before a diploma could be issued.  Plaintiff never received this email on his computer. Allegedly, JFB Desktop Publishing then notified the Registrar's Office at ASU of plaintiff's alleged request.  The Registrar's Office at ASU contacted the university's Office of the General Counsel who in turn contacted the ASU Police.

### 18.

On July 3, 2012, Jodi Prudhomme, Esq., Associate General Counsel at ASU, issued a Cease & Desist letter which was allegedly sent to plaintiff's email address, which plaintiff never received on his computer or any other device he owned. Interestingly enough, this document was not listed among the documents the FBI found during its analysis of plaintiff's computers.

**19.**

Daniel F. Herrmann contacted plaintiff and asked him to come to the ASU Police Station for an interview.  When plaintiff arrived at the ASU Police Station on July 11, 2012, he was interviewed by FBI agent John Chipolsky and Daniel Herrmann.

**20.**

During the July 11th interview, plaintiff denied having knowledge of JFB Desktop Publishing; plaintiff also denied contacting anyone to have a diploma made showing that he had graduated from ASU.  When plaintiff was shown the alleged email exchanges between plaintiff and JFB Desktop Publishing, plaintiff denied involvement in any way with the alleged forgery.

**21.**

On July 19, 2012, a search warrant was applied for and granted.  The Affidavit for Search Warrant executed by defendant Daniel F. Herrmann included an averment that facts concerning Herrmann's training and experience established probable cause to issue the warrant. Herrmann also indicated that he was a Special Deputy United States Marshal.

**22.**

The Affidavit for Search Warrant does not cite the same statute as the ASU Incident Report; the report cites A.R.S. § 13-2002A1 while the Affidavit for Search Warrant cites A.R.S. § 13-2002.A.2 as the statute that was violated. A.R.S. § 13-2002 A2 provides that a person commits forgery if, with intent to defraud the person knowingly possesses a forged instrument. Upon information and belief, plaintiff was never found to be in possession of a forged instrument.  Furthermore, if he was in possession of the diploma, it was not a forgery as it contained the name of an actual graduate of ASU.

**23.**

The Probable Cause Statement portion of the Affidavit avers that between June 29, 2012 and July 11, 2012, Herrmann learned the following information.  However, the Incident Report indicates that Herrmann received a report on June 26, 2012 of the alleged incident; these dates are inconsistent.

**24.**

Corporal Herrmann indicates in Paragraph 3 of the Probable Cause Statement that he identified plaintiff through law enforcement records and conversations with law enforcement investigators as the user of email address abubakar5500@yahoo.com.

**25.**

On May 14, 2014, plaintiff requested a local records check through the City of Phoenix Code Enforcement Unit of the Phoenix Police Department; the request included a right index fingerprint.  The result of the request stated "[t]his search is of Phoenix Police Department records only."  The form also indicates that a search of Phoenix Police Department computer files disclosed no record meeting dissemination criteria for the name and date of birth that were provided.

**26.**

Clearly, the Phoenix Police Department had no records concerning the name and date of birth of Abubakar Hussein Ahmed nor an email address for him.

**27.**

On April 18, 2014, plaintiff made a Freedom of Information Act Request to the Federal Bureau of Investigation.  The request required plaintiff to send fingerprints to the FBI.  The result of this request was a letter indicating "[a] search of the fingerprints provided by this

individual has revealed no prior arrest data at the FBI." Therefore, it appears that plaintiff had no record with the FBI. However, the Maricopa County Arizona County Attorney's Dispo Form indicates the 2012 case has FBI No. 280158RD5.

28.

The veracity of Daniel Herrmann's averment in the Probable Cause Statement portion of his Affidavit for Search Warrant as to know how he obtained information regarding plaintiff's DOB, Social Security Number and email address is called into question since neither the Phoenix Police Department nor the FBI had information regarding an arrest or investigation of plaintiff as of 2014.

29.

On page 3 of the Incident Report prepared by Corporal Herrmann, Herrmann indicates that he involved the Phoenix Police Department SWAT Team and Special Assignments Unit in executing the search warrant because the occupants had a history of drug involvement. The FBI, according to Herrmann was involved because the occupants had been subjects of FBI investigations. This allegation is suspect since as of 2014 the FBI had no record of a criminal history for Abubakar Hussein Ahmed and neither did the Phoenix Police Department.

30.

When the officers arrived at plaintiff's residence on July 20, 2012, the reason given for the raid was that they were searching for a forged document. The officers handcuffed plaintiff and two other people. However, elsewhere Hermann states that no one was taken into custody.

**31.**

The officers involved in the raid broke windows, broke a glass entrance door and shot the door to a room three (3) times.  Damage was done to the residence in the amount of $1573, excluding labor.

**32.**

Plaintiff was arrested in his home and transported to the Phoenix Police Department where plaintiff's fingerprints and a mug shot were taken.  After plaintiff was arrested and taken to a holding facility, fingerprinted and a mug shot taken, plaintiff returned home.  On information and belief this was a false arrest as the ASU Incident Report states that no one was taken into custody.

**33.**

On January 15, 2013, upon information and belief, John Chipolsky of the FBI contacted the Dallas Fort Worth International Airport (DFW) TSA while plaintiff was returning home after a trip to Saudi Arabia for an Islamic religious rite called hajj (pilgrimage to Makkah), advising them to perform a comprehensive search of plaintiff.  The search at DFW caused plaintiff to miss his flight to Phoenix.

**34.**

When plaintiff arrived at Sky Harbor Airport on January 15, 2013, FBI Agent John Chipolsky and a Phoenix detective met plaintiff.  The two men talked to plaintiff asking him if he listened to Imam Anwar al Awlaki and other terrorists on Youtube.  Chipolsky asked to see the computer that plaintiff had with him.  When plaintiff told the two men that he couldn't talk to them without a lawyer being present, the conversation ended.

**35.**

Plaintiff asserts on information and belief that the conduct of the defendants was based on his race, national origin and religion.  When the FBI visited plaintiff's home without a search warrant November 30th 2011, the FBI agents began talking to plaintiff about his country of origin, when he came to America, when he was naturalized as a citizen of the United States.  The agents also asked plaintiff whether he was a citizen on paper only or if he was truly loyal to the U.S.  Plaintiff was asked what kind of Islam he practices, what Islamists do at their temple.  On information and belief this conduct was engaged in by the FBI agent in violation of plaintiff's rights under the Fourth Amendment to the U.S. Constitution and by the Phoenix Police Department officers in violation of the Fourteenth Amendment..

**36.**

Although Corporal Hermann procured the search warrant on July 19, 2012, he luxuriously waited until the next day, July 20, 2012 to execute it which would be the first day of Ramadan, the day on which 1.8 million Muslims around the world start fasting for a month.  The agents/men offered plaintiff water to drink; plaintiff refused the water on the basis that he can't drink during the daytime during Ramadan.

**37.**

After the defendants engaged in the conduct described in Paragraphs 14 through 36, the Maricopa County Attorney declined to prosecute and no charges were officially filed against plaintiff.  Nevertheless, plaintiff's computer is still purportedly in the custody of the FBI.

**CAUSES OF ACTION**

**37.**

Plaintiff reasserts each and every allegation contained in Paragraphs 15 through 37 as if copied herein *in extenso*.

## COUNT I
### Violation of the Fourth Amendment

### 38.

Plaintiff alleges that his rights under the Fourth Amendment to the U. S. Constitution were violated by the federal defendants who in their official capacities acted under color of law based on their conduct set forth as follows:

a. Harassment of plaintiff beginning in 2011 and continuing to the present, based on plaintiff's race, religion and color;

b. Creating a false affidavit to secure a search warrant; and

c. Raiding plaintiff's residence pursuant to a search warrant secured through use of an untrue affidavit;

d. Harassment/investigation of plaintiff without keeping records of John Chipolsky's contact of plaintiff;

e. Falsely arresting plaintiff; and

f. Violation of 42 U.S.C. § 1983

### 39.

Plaintiff reasserts each and every allegation contained in Paragraphs 14 through 36 as if copied herein *in extenso*.

## COUNT II
### Violation of Fourteenth Amendment

**40.**

Plaintiff also alleges that his rights under the Fourteenth Amendment to the United States Constitution were violated by the state and local defendants in their official capacities acting under color of state law as set forth below:

    a.   Creating a false affidavit to secure a search warrant

    b.   Raiding plaintiff's residence using a search warrant based on a false affidavit

    c.   Harassment of plaintiff for several years, without reporting contact with plaintiff in the official records.

**41.**

Plaintiff reasserts each and every allegation contained in Paragraphs 14 through 36 as if copied herein *in extenso*.

**COUNT III**
**Violation of 42 U.S.C.§ 1985**

**42.**

Further, plaintiff alleges that his constitutional rights, privileges or immunities under 42 U.S.C. § 1985 were violated when FBI Agents, the ASU Police Department and the Phoenix Police Department conspired to deprive plaintiff of his right of protection from unlawful searches and seizures, interfered with his right to travel as a United States citizen, seized plaintiff's property without returning the property when the FBI finished analyzing plaintiff's computer and other devices.

**43.**

Plaintiff re-alleges each and every allegation contained in Paragraphs 15 – 37 and incorporates them as if copied here *in extenso*.

## COUNT IV
### False Arrest

**44.**

Defendants herein in their official capacities falsely arrested plaintiff in violation of the Fourteenth and Fourth Amendments to the United States Constitution.

**45.**

Plaintiff re-alleges each and every allegation contained in Paragraphs 15 – 37 and incorporates them herein as if copied here *in extenso*.

## COUNT V
### Malicious Prosecution

**46.**

Defendants herein in their official capacities intentionally and maliciously pursued a criminal legal action against plaintiff without probable cause at university Lake Justice Court which was never filed and abandoned by the prosecutor in favor of plaintiff. Defendants in the process of their malicious prosecution of plaintiff indicated that plaintiff weighed 130 pounds when his driver's license indicated that he weighed 100 pounds.

**47.**

Plaintiff re-alleges each and every allegation contained in Paragraphs 15 – 37 and incorporates them as if copied here *in extenso*.

## COUNT VI

**Violation of 42 U. S. C. § 1982**

**48.**

Defendants in their official capacities have failed to return all of plaintiff's property seized during the raid on his home.  As a result, they have violated his right to hold property as a black citizen of the United States of America.

**49.**

Plaintiff re-alleges each and every allegation contained in Paragraphs 15 – 37 and incorporates them as if copied here *in extenso.*

**COUNT VII**
**Violation of 42 U. S. C. §1986**

**50.**

42 U.S.C. § 1986 imposes liability on those who have knowledge of a conspiracy to violate the civil rights of others, but does nothing to stop it.

Defendants herein in their official capacities each had knowledge of the conspiracy to violate plaintiff's civil rights but took no action to stop the carrying out of the conspiracy. Therefore, defendants in their official capacities are liable to plaintiff for damages suffered because defendants did nothing to stop the action of the conspiracy.

**D.  INJURY**

**51.**

Plaintiff's landlord became frustrated waiting for the law enforcement agencies to pay for the damages to the residence resulting from the Phoenix Police Department's SWAT Team and the SEU officers, the FBI personnel/agents, the US Marshals and ASU Police officers. Consequently, plaintiff was evicted from his residence and was forced to incur moving expenses.

**52.**

Plaintiff suffered emotional distress from the defendants' conduct.  Plaintiff is now leery of traveling and afraid that he may again be the subject of another false arrest.

**53.**

Plaintiff has not filed other lawsuits in state or federal court that deal with the same facts that are involved in this action.  Plaintiff has not sought relief from administrative officials regarding the acts plaintiff complains of herein.  Plaintiff did not seek relief administratively because he feared retaliation and because he believed that administrative officials had either approved the conduct of defendants or looked the other way.

**WHEREFORE,** plaintiff respectfully requests:

A.  A judgment for plaintiff and against defendants finding for plaintiff on each and every claim;

B.  An Order preventing defendants from harassing plaintiff and preventing defendants from falsely arresting plaintiff at least during the pendency of this action;

C.  Damages in an amount to be proven at trial;

D.  An Order requiring that each of the defendants provide a written apology to Plaintiff;

E.  And such other relief that is fair and equitable under the law

Respectfully submitted,

ABUBAKAR HUSSEIN AHMED
In Proper Person
8050 N. 19th Avenue #182
Phoenix, Arizona 85201
480.382.8868

## DECLARATION UNDER PENALTY OF PERJURY

The undersigned declares under penalty of perjury that he is the plaintiff in the above action, that he has read the above complaint, and that the information contained therein is true and correct.  28 U.S.C. §1746; 18 U.S.C. §1621.


Executed at ____100_____ on July 18, 2014.

_____
Abubakar Hussein Ahmed